Filed 6/8/26  P. v. Cusamana CA4/1
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>PAUL CUSAMANA,<br><br>    Defendant and Appellant. | D086456<br><br>(Super. Ct. No. MH117396) |

APPEAL from a judgment of the Superior Court of San Diego County, Joan P. Weber, Judge.  Affirmed.

Laura Arnold, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance by Plaintiff and Respondent.

In 1986, Paul Cusamana pleaded guilty to attempted murder, forcible rape, forcible oral copulation with a minor, and forcible sodomy with a minor. Cusamana was sentenced to a determinate term of 33 years in prison.

In 2020, proceedings under Welfare and Institutions Code section 6600 were commenced and Cusamana was ultimately committed to the state hospital as a sexually violent predator for an indeterminate term.

A trial was scheduled to deal with Cusamana's potential release. Prior to trial, Cusamana waived the right to be present, the right to a jury trial, and the right to testify. A bench trial was held with the parties stipulating the judge could consider the entire file. The court found the facts of the petition to continue Cusamana's commitment to be true and committed Cusamana to the state hospital for an indeterminate term.

A timely notice of appeal was filed.

Appellate counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) indicating counsel has not been able to identify any arguable issues for reversal on appeal. Counsel asks this court to independently review the record for error as mandated by *Wende*. Counsel has extensively briefed the question of whether *Wende* procedures apply to this appeal from a commitment as a sexually violent predator. We decline to engage in unnecessary examination of the differences between review of civil commitments and SVP appeals. We are satisfied the interests of justice in this case permit the court to independently review the record for error.

We offered Cusamana the opportunity to file his own brief on appeal, but he has not responded.

STATEMENT OF FACTS

Appelate counsel has provided a useful summary of the evidence the parties agreed the court could consider. We will incorporate the summary into this opinion for background information.

Jeremy Coles, Ph.D., reviewed specified records, and based on those records, formed and expressed an opinion as to whether appellant meets the criteria for commitment under the Sexually Violent Predator Act ("SVPA"). He opined that appellant's two convictions from 1986 for forcible rape and forcible sodomy with a person younger than eighteen were sexually violent

offenses within the meaning of section 6600. Based on records, he concluded that appellant suffers from Schizoaffective Disorder and Other Specified Personality Disorder, and opined that these disorders predispose appellant to the commission of sexually violent predatory acts. He assessed appellant for risk level using the Static-99R. He assigned appellant a score of "6," at the time of the evaluation, which, in terms of relative risk of sexual reoffense, places him in the well above average risk category, in a group of offenders with recidivism rates between 20.5 and 25.7 percent over a five-year period and 37.3 over a ten-year period. He also assessed dynamic risk factors using the STABLE, finding present several factors correlated to risk of sexual reoffense and finding no protective factors. He did not find evidence indicating that appellant could be effectively and safely treated in the community, as opposed to needing to be confined in a state hospital.

Hari Murthy, Psy.D., conducted a telephone interview with appellant and reviewed specified records. Like Dr. Coles, Murthy found that appellant's 1986 convictions constitute sexually violent offense within the meaning of section 6600. Based on records and her conversation with appellant, she diagnosed him with antisocial personality disorder, borderline personality disorder, unspecified bipolar and related disorder, and exhibitionistic disorder in a controlled environment. She opined that these disorders predispose appellant to the commission of sexually violent predatory offenses. She assessed appellant, using the Static-99R, the Psychopathy Checklist Revised, and the Violence Risk Scale-Sex Offender ("VRSSO") instrument. Appellant's score on the Static-99R of 7 places him in the well above average relative risk group. Appellant's score of 27 on the psychopathy assessment does not cross the threshold of deeming him psychopathic, but it reflects high levels of psychopathy. The "VRSSO"

reflects the presence of several risk factors and the absence of any protective factors. She views appellant as "one of the most dangerous offenders" she has ever evaluated and does not believe he can be safely treated in the community.

## DISCUSSION

As we have noted, appellate counsel has filed a *Wende* brief and asks the court to independently review the record for error. We have conducted an independent review of the record and have not discovered any arguable issues for reversal on appeal. Competent counsel has represented Cusamana in this appeal.

## DISPOSITION

The judgment is affirmed.

HUFFMAN, J.*

WE CONCUR:


DATO, Acting P. J.


KELETY, J.

---

*       Retired Associate Justice of the Court of Appeal, Fourth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.